UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19CV57-GCM

| | | |
|---|---|---|
| **BRIAN ALBRIGHT O/B/O AMY ALBRIGHT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **ANDREW M. SAUL, Commissioner of Social Security,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court upon Plaintiff's Motion for Summary Judgment (Doc. No. 10) and the Commissioner's Motion for Summary Judgment (Doc. No. 12). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

### FINDINGS AND CONCLUSIONS

**I.     Administrative History**

On December 30, 2013, Ms. Albright filed an application for a period of disability and disability insurance benefits ("DIB"), alleging a disability onset date of January 1, 2012. (Tr. 18.) Ms. Albright's application was denied. (Tr. 151-154.) On December 21, 2015, an administrative law judge ("ALJ") held a hearing on Ms. Albright's claim, and Ms. Albright attended that hearing with counsel. (Tr. 77-113.) On April 8, 2016, the ALJ issued a decision finding that Ms. Albright was not disabled under the Act. (Tr. 127-136.) On March 2, 2017, the Appeals Council granted Ms. Albright's request for a review of the ALJ's decision, and remanded the case back to the ALJ for further proceedings. (Tr. 143-147.)

The ALJ held a second administrative hearing on September 20, 2017, and Ms. Albright

1

again appeared with counsel. (Tr. 39-76.) On December 1, 2017, the ALJ issued a second decision, again finding that Ms. Albright was not disabled under the Act. (Tr. 18-31.) Ms. Albright asked the Appeals Council to review her case, but, while that review was pending, Ms. Albright passed away on January 4, 2018, and her widower, Brian Albright, was substituted. (Tr. 10.) On December 6, 2018, the Appeals Counsel denied Ms. Albright's request for review of the ALJ's December 1, 2017 decision, rending that decision the Commissioner's final decision for purposes of this appeal. (Tr. 1-6.) Thereafter, Mr. Albright timely filed this action, seeking review of the Commissioner's final decision.

## II. Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales, supra*. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays v. Sullivan, supra*.

## IV.  Substantial Evidence

### A.  Introduction

The court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The undersigned finds that it is.

### B.  Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of her past relevant work; and

(5) Whether the claimant is able to do any other work, considering her RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i-v). In this case, the Commissioner determined Ms. Albright's claim at the fourth step of the sequential evaluation process.

### C.     The Administrative Decision

In rendering her decision, the ALJ first concluded that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 21). At the second step, the ALJ found that Plaintiff suffered from the following severe impairment: migraine headaches. (Tr. 21-23). At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a Listing. (Tr. 23).

The ALJ then found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except she could only occasionally tolerate: exposure to loud noises and vibrations, exposure to pulmonary irritants such as dust, fumes, odors, and gases, and exposure to hazards such as dangerous machinery and unprotected heights. (Tr. 23.)

In making this finding, the ALJ considered all of Plaintiff's symptoms and the extent to which these symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, as required by 20 C.F.R. § 404.1529 and SSR 16-3p. (*Id.*) The ALJ also considered opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527. (*Id.*) While the ALJ found that Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, she determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 25).

At the fourth step, the ALJ found that Plaintiff was able to perform her past relevant work as a billing clerk. (Tr. 28). In the alternative, the ALJ determined that in light of Plaintiff's RFC, age, education, and work experience, and based on testimony from a vocational expert ("VE"), that Plaintiff could perform other work that existed in significant numbers in the national economy.

(Tr. 29-30). Accordingly, the ALJ found that Plaintiff was not disabled under the Social Security Act. (*Id.*)

D. **Discussion**

Plaintiff has made the following assignments of error: (1) the ALJ erred by improperly weighing the opinion evidence of Plaintiff's treating specialists and failed to sufficiently explain the reasons for the weight she assigned to that evidence; and 2) the ALJ's credibility finding is generally defective based on the foregoing error, and also because it neglects to consider Plaintiff's work history. Plaintiff's assignments of error will be discussed seriatim.

As a general matter, an ALJ will assign controlling weight to an opinion from a treating source, but only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) (quoting *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)); *see also* 20 C.F.R. § 404.1527(c)(2). When a treating source opinion is inconsistent with other evidence in the record, or if clinical evidence does not support the opinion, that opinion "should be accorded significantly less weight," regardless of its source. *Craig*, 76 F.3d at 590; 20 C.F.R. § 404.1527(c)(2).

A treating relationship arises when the medical source has "an ongoing treatment relationship" with the claimant involving treatment "with a frequency consistent with accepted medical practice" in the area of care at issue. 20 C.F.R. § 404.1502; *see Yost v. Barnhart*, 79 F. App'x 553, 555 (4th Cir. 2003) (rejecting argument that a particular psychiatrist should be considered a treating source because the doctor "evaluated [plaintiff] on only one occasion. Thus, he is not [plaintiff's] treating psychiatrist."); *Morris v. Barnhart*, 78 F. App'x 820, 823 (3d Cir. 2003) (holding that a treating relationship had not been established where a medical source

5

saw claimant "only three or four occasions over two or three months"). When a treating source opinion is not given controlling weight, or when the record contains a medical opinion from a non-treating source, the ALJ evaluates the opinion in accordance with the following factors:

> (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.

*Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527(c)).

The ALJ assigned limited weight to Plaintiff's two treating specialists, Dr. Diedrich (neurologist) and Dr. Taub (pain specialist). Dr. Diedrich completed a checkbox form regarding Ms. Albright on October 14, 2015.[1] (Tr. 791.) In that form, Dr. Diedrich noted that Ms. Albright experienced migraine headaches three times a week, each lasting for two to three days at a time. She stated that Ms. Albright would miss three or more days per month due to these headaches and she also stated that Ms. Albright could not sustain the focus or attention necessary to complete simple, repetitive tasks during a migraine.

The ALJ appears to have accepted that Dr. Diedrich had a treating relationship with Ms. Albright, though she did note that that relationship was, at best, "limited" because the record included only a single treatment note from Dr. Diedrich. (Tr. 781-784.)[2] The ALJ assigned less than controlling weight to Dr. Diedrich's opinion because it was not "consistent with the evidence as a whole," and therefore did not support disability. (Tr. 27.)

---

[1] There is no indication in the decision that the ALJ somehow gave less weight to the opinion because it was on a checkbox form. (Tr. 27.) Even if she had, however, this would not be a basis for remand. *See Taylor v. Astrue*, No. 7:10-CV-149-FL, 2011 WL 2669290, at *4 (E.D.N.C. July 7, 2011) (citing the lack of support supplied for a checkbox form as proper grounds for giving little weight to a treating source pinion) (internal citations omitted).

[2] The "length of the treatment relationship and the frequency of examination" are valid factors that an ALJ considers when evaluating a medical opinion. *See* 20 C.F.R. § 404.1527(b)(2)(ii).

The ALJ engaged in a lengthy discussion supporting her reasons for according Dr. Diedrich's opinion limited weight. Among other things, the ALJ discussed in detail treatment Ms. Albright received at the Thomas Jefferson University Headache Center, and noted that, when Ms. Albright returned to her regular physician, she reported significant improvement in the frequency and duration of her headaches. (Tr. 26 (citing Tr. 571, 573, 578).) This improvement continued throughout Ms. Albright's treatment with her primary care provider, Dr. John Castaldo: the last treatment note from Dr. Castaldo indicated that Ms. Albright was "doing very well with current plan and with no significant untoward effects of therapy." (Tr. 26 (citing Tr. 809).)

The ALJ also discussed in detail treatment notes from Dr. Taub. (Tr. 27.) Those notes reflect that Ms. Albright had "significant benefit" from medication and "much better functionality" with treatment. (Tr. 3046.) Other treatment notes from Dr. Taub include statements that Ms. Albright was "meeting" treatment goals and "functional goals including independence with all aspects of mobility and self-care skills and caring for the household independently." (Tr. 3059.) Dr. Taub noted Ms. Albright's statement that she had experienced "improvement in quality of life" with treatment. (Tr. 3059.) Dr. Taub made similar statements in a later treatment note. (Tr. 3064.)

The ALJ acknowledged that Ms. Albright had been hospitalized on multiple occasions for her headaches and that Ms. Albright's struggles with addiction exacerbated her headaches. (Tr. 25-26 (citing, e.g., Tr. 781, 1120-1121, 1179, 1323, 1619, 1625).) However, having discussed the relevant evidence, the ALJ appropriately resolved conflicts by discussing the improvements Ms. Albright experienced after her hospitalization, such as the treatment she received at the Thomas Jefferson University Headache Center and from Dr. Castaldo. (Tr. 26.)

This was entirely proper. *Craig*, 76 F.3d at 589 (assigning to the ALJ the role of addressing conflicts when "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled") (internal citations and quotations omitted); *see also Arnold v. Berryhill*, No. 3:18-cv-00391, 2019 WL 2883815, at *3 (W.D.N.C. June 12, 2019) (stating that the Court's role is not to re-weigh conflicting evidence addressed in the ALJ decision).

The ALJ explained the reasons why she gave certain evidence more weight, such as the examination findings and treatment notes from Dr. Castaldo (Tr. 26), and also why she gave less weight to certain evidence, such as Dr. Diedrich's opinion. (Tr. 27-28.) In other words, the ALJ provided the "logical bridge" that explains the reasoning behind her conclusions.

Plaintiff complains that the ALJ based her findings regarding Dr. Diedrich's opinion on the undisputed fact that the opinion was based in large part, if not entirely, on Ms. Albright's statements. (Tr. 12-14.) However, an ALJ need not give significant weight to medical opinion evidence based on a claimant's subjective statements. *Stanley v. Barnhart*, 116 F. App'x 427, 429 (4th Cir. 2004) (finding that "the ALJ properly discredited medical assessments based solely on [the claimant's] subjective reports of emotional impairment"); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (affirming ALJ decision to give less weight to a medical opinion based on an individual's subjective complaints).

With regard to Dr. Taub, there are two opinions in the record. First, on October 5, 2015, Dr. Taub completed a checkbox form substantially identical to the one Dr. Diedrich completed. (Tr. 790, 791). Then, on August 17, 2017, Dr. Taub completed a form entitled "Headaches – Residual Functional Capacity Questionnaire." (Tr. 3075-3078.) Citing many of the same reasons she accorded Dr. Diedrich's opinion less weight, the ALJ discussed in detail her reasons for giving Dr. Taub's 2015 opinion less weight.

8

Dr. Taub's 2017 opinion was given little weight for the same reasons as the 2015 opinion, and also because it was completed well over a year after Ms. Albright's insured status expired.³ The ALJ also pointed out that the 2017 opinion was not consistent with Dr. Taub's own treatment notes. (Tr. 28.) As examples of that inconsistency, the ALJ cited treatment notes that included Dr. Taub's statement that Ms. Albright was meeting her treatment goals, that her headaches were significantly improved with treatment, and that she was "doing well" with treatment. (Tr. 28 (citing Tr. 3048 (noting "additional benefit" with treatment), 3052 (noting "significant improvement" and "significant difference and overall improving of the quality of [Ms. Albright's] life"), 3059 ("generally meeting" treatment goals).)

The Court finds that the ALJ properly evaluated the opinions of Drs. Diedrich and Taub, explaining the reasons for her decision and supporting those reasons by discussing substantial evidence in the record. Because the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if this Court would have decided the case differently. *See Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) (stating that court "must sustain the ALJ's decision, even if we disagree with it" so long as substantial evidence supports the ALJ's conclusions); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir 1987).

The Court now turns to Plaintiff's second assignment of error, that the ALJ erred by not considering Ms. Albright's work history when evaluating her subjective claims. The ALJ properly evaluated Ms. Albright's subjective claims, discussing and explaining multiple reasons why they were only given limited weight. Moreover, the applicable regulations and the caselaw of this court do not require the ALJ to discuss work history. *See* 20 C.F.R. § 404.1529(c)(3);

---

³ Under section 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i), 423, a claimant must establish disability on or before the date last insured in order to be entitled to a period of disability and disability insurance benefits.

9

*Penland v. Colvin*, No. 1:15-cv-00143-FDW, 2016 WL 3452491, at *6 (W.D.N.C. June 21, 2016) (affirming despite no reference by an ALJ to work history because work history was only one factor among many that might relate to subjective allegations and is not listed in the regulation discussing subjective allegations).

**V.     Conclusion**

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, Plaintiff's motion and brief, the Commissioner's responsive pleading, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. *See Richardson v. Perales, supra; Hays v. Sullivan, supra*. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales, supra*, Plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment is **DENIED**;

(3) the Commissioner's Motion for Summary Judgment is **GRANTED**; and

(4) this action is **DISMISSED**.

Signed: February 12, 2020

Graham C. Mullen
United States District Judge